UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WILLIAM AND BEVERLY VATTER, AS STATUTORY CLASS MEMBERS FOR KAREN CHESTER, DECEASED AND TONYA CARMEN AND MARK CHESTER, AS STATUTORY CLASS MEMBERS FOR RICKY CHESTER, DECEASED | * * * * * | CASE NO. 3:15-cv-00326-JWD-SCR |
| vs. | * | |
| NAVISTAR INTERNATIONAL CORPORATION, NAVISTAR, INC., DARREN ROBINSON AND RYDER TRUCK RENTAL, LT | * * | |

## NAVISTAR, INC.'S ANSWER TO COMPLAINT

Comes now the Defendant, NAVISTAR, INC., a Corporation ("NAVISTAR"), and for Defenses and Answer to the Complaint of the Plaintiffs, states as follows:

### FIRST DEFENSE

The Complaint of the Plaintiffs and each count thereof fails to state a claim against this Defendant upon which relief can be granted.

### SECOND DEFENSE

The Complaint should be dismissed due to lack of subject matter jurisdiction against Navistar.

### THIRD DEFENSE

The Complaint should be dismissed because it was brought in an improper venue.

### FOURTH DEFENSE

The Complaint is time barred in Louisiana.

## **FIFTH DEFENSE**

AND NOW, answer each and every allegation in the Original Complaint, Navistar avers as follows:

1.

The allegations of paragraph I are denied for lack of sufficient information to justify a belief therein.

2.

The allegations of paragraph II are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of paragraph III are denied for lack of sufficient information to justify a belief therein.

4.

The allegations of paragraph IV are denied for lack of sufficient information to justify a belief therein.

5.

Navistar admits that Navistar, Inc. in a foreign corporation organized under the laws of the State of Delaware with its principal place of business in Illinois.  Navistar also admits that Navistar International Corporation is a foreign corporation organized under the laws of the State of Delaware with its principal place of business in Illinois.  The remaining allegations of paragraph V are denied for lack of sufficient information to justify a belief therein.

6.

Navistar admits that it designs, in part, tests, manufactures, in part, and sells International tucks, including the subject 2007 International 9400i.  Navistar denies that Navistar International Corporation designs, tests, manufactures or sells International trucks.

7.

Admitted.

8.

Navistar admits that it does business in Louisiana.  The remaining allegations of Paragraph VIII are denied.

9.

The allegations of paragraph IX are denied for lack of sufficient information to justify a belief therein.

10.

The allegations of paragraph X are denied for lack of sufficient information to justify a belief therein.

11.

The allegations of paragraph XI are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of paragraph XII are denied for lack of sufficient information to justify a belief therein.

13.

The allegations of paragraph XIII are denied for lack of sufficient information to justify a belief therein.

14.

The allegations of paragraph XIV are denied for lack of sufficient information to justify a belief therein.

15.

The allegations of paragraph XV are denied for lack of sufficient information to justify a belief therein.

16.

The allegations of paragraph XVI are denied.

17.

The allegations of paragraph XVII are denied as to Navistar.

18.

The allegations of paragraph XVIII are denied for lack of sufficient information to justify a belief therein.

19.

The allegations of paragraph XIX are denied for lack of sufficient information to justify a belief therein.

20.

The allegations of paragraph XX are denied for lack of sufficient information to justify a belief therein.

21.

The allegations of paragraph XXI are denied for lack of sufficient information to justify a belief therein.

22.

The allegations of paragraph XXII are denied for lack of sufficient information to justify a belief therein.

23.

The allegations of paragraph XXIII are denied for lack of sufficient information to justify a belief therein.

24.

The allegations of paragraph XIV are denied for lack of sufficient information to justify a belief therein.

25.

The allegations of paragraph XXV are denied for lack of sufficient information to justify a belief therein.

26.

The allegations of paragraph XXVI are denied for lack of sufficient information to justify a belief therein.

27.

The allegations of paragraph XXVII are denied for lack of sufficient information to justify a belief therein.

28.

The allegations of paragraph XXVIII are denied for lack of sufficient information to justify a belief therein.

29.

The allegations of paragraph XXIX are denied for lack of sufficient information to justify a belief therein.

30.

The allegations of paragraph XXX are denied for lack of sufficient information to justify a belief therein.

31.

The allegations of paragraph XXXI are denied for lack of sufficient information to justify a belief therein.

32.

The allegations of paragraph XXXII are denied for lack of sufficient information to justify a belief therein.

33.

The allegations of paragraph XXXIII are denied for lack of sufficient information to justify a belief therein.

34.

The allegations of paragraph XXXIV are denied, insofar as they apply to Navistar.

35.

Navistar incorporates herein by reference, as if set fourth fully herein, all of the responses contained in all preceding paragraphs and all defenses in the Answer.

36.

The allegations of paragraph XXXVI are denied.

37.

Navistar admits that it manufactured, in part, the subject truck. The remainder of the allegations of paragraph XXXVII are denied, insofar as they apply to Navistar.

38.

Navistar admits that it designed, in part, manufactured, in part, distributed and sold the subject truck. The remainder of the allegations of paragraph XXXVIII are denied, insofar as they apply to Navistar.

39.

The allegations of paragraph XXXIX are denied.

40.

The allegations of paragraph XL are denied.

41.

The allegations of paragraph XLI are denied.

42.

The allegations of paragraph XLII are denied.

43.

Navistar admits that it designed, in part, manufactured, in part, distributed and sold the subject truck. The remainder of the allegations of paragraph XLIII are denied.

44.

The allegations of paragraph XLIV are denied.

45.

The allegations of paragraph XLV are denied.

46.

The allegations of paragraph XLVI are denied.

47.

The allegations of paragraph XLVII are denied for lack of sufficient information to justify a belief therein.

48.

The allegations of paragraph XLVII are denied.

49.

The allegations of paragraph XLIX are denied.

50.

The allegations of paragraph L are denied.

51.

The allegations of paragraph LI are denied.

52.

The allegations of paragraph LII are denied for lack of sufficient information to justify a belief therein.

53.

The allegations of paragraph LIII are denied for lack of sufficient information to justify a belief therein.

54.

The allegations of paragraph LIV are denied.

55.

Navistar denies any liability to Plaintiffs. The remainder of the allegations of paragraph LV are denied.

56.

Navistar denies any liability to Plaintiffs. The remainder of the allegations of paragraph LVI are denied.

57.

Navistar incorporates herein by reference, as if set fourth fully herein, all of the responses contained in all preceding paragraphs and all defenses in the Answer.

58.

The allegations of paragraph LVIII are denied, insofar as they apply to Navistar.

59.

The allegations of paragraph LIX are denied for lack of sufficient information to justify a belief therein.

60.

The allegations of paragraph LX are denied for lack of sufficient information to justify a belief therein.

61.

The allegations of paragraph LXI are denied, insofar as they apply to Navistar.

62.

Navistar incorporates herein by reference, as if set fourth fully herein, all of the responses contained in all preceding paragraphs and all defenses in the Answer.

63.

The allegations of paragraph LXIII are denied for lack of sufficient information to justify a belief therein.

64.

The allegations of paragraph LXIV are denied for lack of sufficient information to justify a belief therein.

65.

The allegations of paragraph LXV are denied, insofar as they apply to Navistar.

66.

The allegations of paragraph LXVI are denied for lack of sufficient information to justify a belief therein.

67.

The allegations of paragraph LXVII are denied, insofar as they apply to Navistar.

68.

The allegations of paragraph LXVII are denied, insofar as they apply to Navistar.

69.

The allegations of paragraph LXVIII are denied, insofar as they apply to Navistar.

**<u>SIXTH DEFENSE</u>**

AND NOW, further answering the Original Complaint, Navistar avers:

70.

The damages of which Plaintiffs complain were caused by the fault or faults of other parties for whom Navistar has no legal responsibility, including the fault of Karen Chester and Ricky Chester, the following, non-exclusive particulars:

### Ricky Chester

a. Failing to follow the manufacturer's recommendations for the safe use and operation of the subject motor vehicle;

b. Failing to see what he should have seen and react accordingly;

c. Failing to maintain control of the subject vehicle;

d. Failing to maintain a proper distance from the vehicles in front of him;

e. Following too closely;

f. Such other acts of fault and negligence which may be developed during discovery and proven at the time of trial

### Karen Chester

a. Failing to follow the manufacturer's recommendations for the safe use and operation of the subject motor vehicle;

b. Failing to see what he should have seen and react accordingly;

c. Failing to maintain control of the subject vehicle;

d. Failing to maintain a proper distance from the vehicles in front of him;

e. Following too closely;

f. Such other acts of fault and negligence which may be developed during discovery and proven at the time of trial

71.

In the alternative, and only in the event that Navistar is found to be at fault for the injuries or accident complained of herein, which is at all times specifically denied, then in that event, Navistar would plead the fault of the Karen Chester and Ricky Chester in the particulars described above,

which fault serves to operate as a complete bar to petitioners' claims herein, or alternatively, serves to diminish petitioners' claims herein in proportion to that fault.

72.

Navistar further states that petitioners' claims are barred by the applicable laws, codes, statutes, regulations and Constitution of the United States of America.

73.

Navistar also states that the subject vehicle is free from all vices and defects applicable to the accident and claims of the plaintiff in this case, and is reasonably fit for its intended and reasonably anticipated use.

74.

Navistar states that it designs, assembles and distributes vehicles, the component parts of which are designed, assembled and distributed by Navistar and others for whom Navistar has no legal responsibility.

75.

Each new vehicle which is designed, assembled and distributed by Navistar meets all applicable Federal Motor Vehicle Safety Standards.

76.

If Navistar is deemed to be the manufacturer of the subject vehicle, either factually or legally, which is at all times specifically denied, then Navistar would show that at the time the vehicle left its care, custody and control, Navistar did not know and, in light of then existing, reasonably available scientific and technological knowledge, could not have known of the design characteristic that allegedly caused petitioners' damage or the danger of such characteristic, nor could Navistar have known of any alternative design which may be identified by petitioners. Furthermore, Navistar would

show that any alternative design which may be identified by petitioners was not feasible, in light of then-existing reasonably available scientific and technological knowledge or then-existing economic practicality.

77.

As a separate and affirmative defense, Navistar would show that the subject vehicle had been altered, modified, or otherwise changed and was no longer in the substantially same condition as it was at the time it left the care, custody and control of Navistar.

78.

The Louisiana Products Liability Act provides the exclusive basis for any recovery by plaintiffs to this suit. To the extent that plaintiffs seek recovery under theories of negligence, warranty or any other legal theory not permitted by the LPLA, such claims are barred.

79.

Without admitting that Navistar is in any way responsible for any of petitioners' damages, Navistar is entitled to and prays for a trial by jury of all issues of fact.

WHEREFORE, Navistar, Inc. prays that this Answer to the Original Complaint be deemed good and sufficient, and after due proceedings are had, there be judgment herein rejecting the demands of Williams and Beverly Vatter, as statutory class members for Karen Chester, deceased and Tonya Carmen and Mark Chester, as statutory class members for Ricky Chester, deceased, against Navistar, Inc., at petitioners' cost, for full, general and equitable relief as the nature of this case may permit and for a trial by jury of all issues of fact herein.

Respectfully submitted,

/s/ Robert W. Maxwell
ROBERT W. MAXWELL (17673)
BERNARD, CASSISA, ELLIOTT & DAVIS
130 Terra Bella Boulevard
Covington, Louisiana  70433
Telephone:  985/590-5019
Facsimile:  985/590-5840

### **CERTTFICATE OF SERVICE**

I, Robert W. Maxwell, the undersigned attorney, do hereby certify that I have this day mailed via United States Mail, first class, postage prepaid, a true and correct copy of the above and foregoing to the following:

AUB A. WARD, ESQ.
NAQUIN & WARD
8034 Jefferson Hwy.
Baton Rouge, Louisiana 70809
**Telephone:  225/927-1907**
**Fax:  225/927-1399**
award@nwlaw.net
        --- and ---
ADAM W. GRAVES, ESQ.
LANGDON & EMISON
911 Main Street
Lexington, Missouri
**Telephone:  660/259-6175**
**Fax:  660/259-4571**
adam@lelaw.com
ATTORNEYS FOR PLAINTIFFS

DARREN ROBINSON, ESQ.
1747 Southpoint Dr. #3
Baton Rouge, Louisiana 70808

RYDER TRUCK RENTAL LT
Corporate Creations Network, Inc.
1070-B West Causeway Approach
Mandeville, Louisiana 70471

/s/ Robert W. Maxwell
ROBERT W. MAXWELL