# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WILLIAM AND BEVERLY VATTER, | * | CASE NO. 3:15-CV-00326-JWD-SCR |
| AS STATUTORY CLASS MEMBERS | * | |
| FOR KAREN CHESTER, DECEASED | * | |
| AND TONYA CARMEN | * | |
| AND MARK CHESTER, AS | * | |
| STATUTORY CLASS MEMBERS | * | |
| FOR RICKY CHESTER, DECEASED | * | |
| | * | |
| VERSUS | * | |
| | * | |
| NAVISTAR INTERNATIONAL | * | |
| CORPORATION, NAVISTAR INC., | * | |
| DARREN ROBINSON, AND | * | |
| RYDER TRUCK RENTAL L/T | * | |

*********************************************************************

## DARREN ROBINSON'S AND RYDER TRUCK RENTAL L/T'S ANSWER TO COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come Darren Robinson and Ryder Truck Rental L/T and in answer to the Complaint of the Plaintiffs, deny each and every allegation except as may be hereinafter specifically admitted. Further answering, Plaintiffs' Complaint demands, are the following:

1.

The allegations of Articles 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, and 34 are denied for lack of sufficient information to justify a belief therein.

2.

In answer to Article 5, Defendants, Darren Robinson and Ryder Truck Rental L/T, admit domicile capacity, but deny the remaining allegations of said Article.

3.

In regards to the Louisiana Product Liability Act, Articles 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, and 56 are denied for lack of sufficient information to justify a belief therein.

4.

Articles 57 and 58 do not call for an answer from these Defendants.

5.

The allegations of Articles 59, 60, and 61 are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of Articles 62, 63, 64, 65, 66, 67, and 68 are denied for lack of sufficient information to justify a belief therein.

7.

Now further answering, Defendants, Darren Robinson and Ryder Truck Rental L/T, plead in the alternative, the negligence and/or fault of Decedent, Karen Chester, attributed to the Plaintiffs, William and Beverly Vatter, as surviving parents, consists of, but is not limited to, the following:

    a)    Failing to keep a proper lookout;

    b)    Failing to use reasonable care under the circumstances;

    c)    Running into the rear of another vehicle; and

d) Other acts of negligence and/or fault which will be more fully established at the time of trial.

All these acts were a contributing cause of this accident, if not the cause, and these acts should bar Plaintiffs' recovery, or in the alternative, reduce Plaintiffs' recovery to the extent that negligence and/or fault attributed to the accident sued upon.

8.

Defendants, Darren Robinson and Ryder Truck Rental, L/T, at all times plead third-party fault in regards to the Plaintiffs, Tonya Carmen and Mark Chester, in that the cause of the accident for their claim for Ricky Chester, was the negligence and/or fault of decedent, Karen Chester, causing the accident by running into another vehicle, failing to use reasonable care under the circumstances, and other acts of negligence and/or fault which will be more fully established at the time of trial.

9.

In the alternative, in the event Plaintiffs failed to maintain compulsory motor vehicle security as required by Louisiana law, then said failure is specifically pleaded herein as an affirmative defense.

10.

Alternatively, Plaintiffs do not have a cause of action for and are not entitled to any recovery to the extent of any claim of Plaintiffs that has been subrogated, assigned or otherwise transferred in whole or in part to any other entity.

11.

To the extent the evidence may so indicate and in order to preserve the affirmative defense, Respondents specifically aver and plead the provisions of the Medicare Secondary Payer

Act 42 USC 1395, et. seq.,the Medicare Medicaid SCHIP Extension Act of 2007 31 USCS 3711 et. seq.,45 CFR 30 et. seq., and 42 CFR 411 et. seq. Specifically, Respondents allege that the failure of Plaintiffs to provide official and definitive documentation from the Center for Medicare and Medicaid Services regarding the amount of any Medicare lien and/or lack thereof and/or the amount of any required set aside and/or lack thereof, is an affirmative defense to any state law requirement to make an unconditional tender of any liability and/or uninsured or underinsured motorist coverage and/or any medical payments coverage.

12.

Defendants, Darren Robinson and Ryder Truck Rental L/T, desire and are entitled to a trial by jury.

**WHEREFORE,** Defendants herein, Darren Robinson and Ryder Truck Rental L/T, pray this Answer be deemed good and sufficient and that after due proceedings that there be judgment herein in favor of these Defendants and against the Plaintiffs at Plaintiffs' cost, and further these Defendants pray for a trial by jury and any and all other general and equitable relief.

RESPECTFULLY SUBMITTED,

_____
RICHARD S. THOMAS, #12811
**THOMAS LAW FIRM, L.C.**
13312 PERKINS ROAD
BATON ROUGE, LOUISIANA 70810
TELEPHONE: (225)767-6225
FACSIMILE: (225)767-6292

## CERTIFICATE OF SERVICE

**I, RICHARD S. THOMAS, HEREBY CERTIFY**, that a copy of the foregoing pleading has been served upon all parties through their attorney of record by depositing same in the United States Mail, properly addressed and postage prepaid, on this 7th day of July, 2015.

Aub A. Ward, Esq.
Naquin & Ward
8034 Jefferson Highway
Baton Rouge, LA 70809
    Telephone: (225) 927-1907
    Facsimile: (225) 927-1399

Adam W. Graves, Esq.
Langdon & Emison
911 Main Street
Lexington, MO 64067
    Telephone: (660) 259-6175
    Facsimile: (660) 259-4571

Robert W. Maxwell, Esq.
Bernard, Cassisa, Elliott & Davis
130 Terra Bella Boulevard
Covington, LA 70433
    Telephone: (985) 590-5019
    Facsimile: (985) 590-5840

_____
RICHARD S. THOMAS, ESQ.