UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILLIAM VATTER, ET AL.

VERSUS

NAVISTAR INTERNATIONAL
CORPORATION, ET AL.

CIVIL ACTION

NUMBER 15-326-JWD-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, July 27, 2015.

                                         STEPHEN C. RIEDLINGER
                                         UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILLIAM VATTER, ET AL.

VERSUS

NAVISTAR INTERNATIONAL
CORPORATION, ET AL.

CIVIL ACTION

NUMBER 15-326-JWD-SCR

## MAGISTRATE JUDGE'S REPORT

Before the court is the Plaintiffs' Motion to Remand filed by plaintiffs William and Beverly Vatter, the surviving parents of Karen Chester, and plaintiffs Tonya Carmen and Mark Chester, the surviving brother and sister of Ricky Chester. Record document number 13. The motion is opposed.[1]

For the reasons which follow, the Motion to Remand should be denied.

### Background

This action arises from a motor vehicle collision and resulting diesel fuel fire. Plaintiffs alleged that on May 2, 2014 Karen and Ricky Chester were in a 2007 International 9400i truck traveling eastbound on Interstate 10 in Iberville Parish, Louisiana. Plaintiffs alleged that defendant Darren Robinson was operating a tractor-trailer truck directly in front of the Chesters. Plaintiffs alleged that as defendant Robinson approached

---

[1] Record document number 16.

traffic congestion he slowed his vehicle by depressing the clutch, which did not activate his brake lights.  Plaintiffs alleged that the Chesters' truck struck the rear of Robinson's truck and then jack-knifed while still moving down the interstate.[2]  Plaintiff alleged that the fuel tank of the Chesters' truck began to leak, leading to a fire which killed both Karen and Ricky Chester.

Defendants Navistar, Inc. and Navistar International Corporation removed the case to this court asserting subject matter jurisdiction under 28 U.S.C. § 1332, specifically alleging that the citizenship of defendant Robinson should be ignored because he was improperly joined.[3]  Defendants argued that there is no reasonable possibility that the plaintiffs will recover from defendant Robinson under Louisiana law.

Plaintiffs moved to remand, arguing that defendant Robinson was not improperly joined and the defendants cannot show that there is no possibility of establishing a cause of action against him. Plaintiffs argued they have a viable cause of action under Louisiana law because defendant Robinson created a hazard by

---

[2] Record document number 1-1, Petition for Wrongful Death and Survivor Claim, ¶¶ 25-29, 58-60.

[3] Record document number 1, Notice of Removal, ¶ 5-12. Defendant alleged diversity citizenship as follows: (1) plaintiffs are citizen of Louisiana; (2) Navistar International Corporation and Navistar Inc. are incorporated under the laws of Delaware with its principal place of business in Illinois; and (3) Ryder Truck Rental LT, is incorporated under the laws of Delaware with its principal place of business in Florida.

slowing his truck down without using his brakes.  Because the Chesters were not warned that defendant Robinson was slowing down, they could not reasonably avoid the collision.

Defendants argued that Louisiana law does not impose a duty on a driver to apply the brakes when slowing down.  Defendants argued that the Chesters had a duty to not follow too closely to Robinson's vehicle, and failed to adhere to the reasonable standard of care when approaching stalled traffic.  Defendants also argued that the plaintiffs failed to cite any statute or case law which supports finding that using the clutch to slow a vehicle negligently creates any hazard.

Plaintiffs also sought recovery of fees and costs associated with filing their motion pursuant to 28 U.S.C. § 1447(c).

## Applicable Law

When jurisdiction is based on diversity of citizenship, the action is not removable "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).

The party seeking removal based on improper joinder of an in-state party bears a heavy burden of proving that the joinder was improper.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).  The statutory basis for the doctrine of improper joinder is found in 28 U.S.C. §§ 1441 and

3

1359. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825 (2005). Since the purpose of the inquiry is to determine whether the in-state defendant was properly joined, the focus must be on the joinder, not the merits of the plaintiff's case. *Id*.

There are two recognized ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id*., *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). In the latter situation the test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant. Stated another way, there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *Smallwood*, 385 F.3d at 573; *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005). The court may decide the question of whether the plaintiff has a reasonable basis of recovery under state law either by employing a Rule 12(b)(6), Fed.R.Civ.P., analysis, or by piercing the pleadings and conducting a summary judgment inquiry. *Id*. In resolving questions of improper joinder, all disputed questions of fact and ambiguities in the controlling state law are resolved in favor of the non-removing party. *Carriere v. Sears, Roebuck and Co.* 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111

4

S.Ct. 60 (1990).

Louisiana substantive applies in this case based of diversity jurisdiction.

LSA-R.S. 32:81(A) provides:

> The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.

Under this statute a well established presumption exists that in rear-end collisions the following driver is presumed negligent. To rebut the presumption and avoid liability, the following motorist has the burden of proving that he was not negligent by showing that he had his vehicle under control, closely observed the lead vehicle, and followed it at a safe distance under the circumstances. Alternatively, the following motorist must show that the lead driver negligently created a hazard which could not reasonably be avoided, which is known as the "sudden emergency doctrine."[4] When other vehicles are able to stop behind the lead vehicle, the last one which precipitated the chain reaction collision is negligent. *Knowles v. McCright's Pharmacy, Inc.*, 34,559 (La.App. 2 Cir. 4/4/01), 785 So.2d 101, 104; *Domingo v. State Farm Mutual Automobile Ins. Co.*, 10-264 (La.App. 5 Cir. 11/9/10), 54 So.3d 74, 80-81; *King v. State Farm Ins. Co.,* 47, 368

---

[4] The defense of sudden emergency is treated as one of the factual considerations used in assessing the degree of fault to be attributed to a party. *King*, *supra*.

(La.App. 2 Cir. 8/8/12), 104 So.3d 33, 38.

Insofar as the plaintiffs argued that defendant Robinson negligently failed to slow his vehicle by applying the brakes, i.e. by pressing the brake pedal, which would have illuminated the brake lights, rather than depressing the clutch, they are asserting that Robinson breached a duty owed to the Chesters.

"In deciding whether to impose a duty in a particular case" —an issue of law— "Louisiana courts examine 'whether the plaintiff has any law (statutory, jurisprudential, or arising from general principles of fault) to support the claim that the defendant owed him a duty.'" *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 249 (5th Cir.2008) (quoting *Faucheaux v. Terrebonne Consol. Gov't*, 615 So.2d 289, 292 (La. 1993)).

When adjudicating a claim for which state law provides the rule of decision, as it does in this case, federal courts are bound to apply the law as interpreted by the state's highest court; but if the state's highest court has not spoken on a particular issue, the federal court must make an "*Erie* guess" and determine as best it can what the highest court of the state would be most likely to decide. *Barfield v. Madison County, Miss.*, 212 F.3d 269, 271–72 (5th Cir. 2000). The federal court's task is to "attempt to predict state law, not to create or modify it." *United Parcel Service, Inc. v. Weben Industries, Inc.*, 794 F.2d 1005, 1008 (5th Cir. 1986). In making that attempt, the federal court "may look to

the decisions of intermediate state courts for guidance." *Howe ex rel. Howe v. Scottsdale Ins. Co.*, 204 F.3d 624, 627 (5th Cir. 2000). Indeed, "a decision by an intermediate appellate state court is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *First Nat'l Bank of Durant v. Trans Terra Corp.*, 142 F.3d 802, 809 (5th Cir. 1998).

**Analysis**

Based on a review of the allegations in the Petition for Wrongful Death and Survivor Claim and the applicable law, the defendants have shown that the plaintiffs failed to state a cause of action against defendant Robinson under Louisiana law. Plaintiffs failed to allege any act or omission by Robinson that breached a duty recognized under Louisiana law. Plaintiffs cited no state statute, Louisiana Supreme Court decision or Louisiana appellate court decision which imposed a duty on a preceding driver, like Robinson, to use his brakes so as to signal slowing down to a following driver. And the cases relied upon the by the plaintiffs provide no basis for this court to predict that the Louisiana Supreme Court would find that a preceding driver had such a duty in circumstances like those in this case. Thus, there is no reasonable basis to predict that the plaintiffs can obtain relief against Robinson under state law.

7

Because the defendant Robinson was improperly joined, his citizenship is ignored, there is complete diversity of citizenship between the plaintiffs and the other defendants, and the court has subject matter jurisdiction.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the Plaintiffs' Motion to Remand be denied.

Baton Rouge, Louisiana, July 27, 2015.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE