# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**WILLIAM AND BEVERLY VATTER, AS
STATUTORY CLASS MEMBERS FOR
KAREN CHESTER, DECEASED, ET AL.**

**CIVIL ACTION**

**v.**

**NO. 15-326-JWD-SCR**

**NAVISTAR INTERNATIONAL
CORPORATION, ET AL.**

## RULING AND ORDER

This matter comes before the Court on Plaintiff's Objections to the Magistrate Judge's Findings of Fact and Conclusions of Law (Doc. 52)[1] filed by Plaintiffs William and Beverly Vatter, the surviving parents of Karen Chester, and Plaintiffs Tonya Carmen and Mark Chester, the surviving brother and sister of Ricky Chester (collectively, "Plaintiffs"). Defendants Navistar, Inc., and Navistar International Corporation (collectively, "Navistar") have filed a response. (Doc. 53.) Oral argument is not necessary. Having carefully considered the law, facts, and arguments of the parties, the Court sustains the Plaintiffs' objection and remands this suit to the 18th Judicial District Court, Parish of Iberville, State of Louisiana.

## I.    Factual and Procedural Background

This is a vehicular accident case. In their Petition for Wrongful Death and Survivor Claim (Doc. 1-1), Plaintiffs allege that, on May 2, 2014, Karen Chester was traveling in Iberville Parish in a tractor-trailer going eastbound on Interstate 10. (*Id.* at 5.) Her husband Ricky Chester was also in the vehicle. (*Id.*) The Chesters' vehicle was designed, tested, manufactured, and sold by Navistar. (*Id.* at 2.) Defendant Darren Robinson was operating another tractor-trailer in the eastbound lane directly ahead of the Chesters. (*Id.* at 5.)

---

[1] The actual title of the ruling to which the objection is being made is "Magistrate Judge's Report." (Doc. 42.)

Traffic congestion ahead of Robinson was slowed or at a stop. (*Id.* at 6.)  As Robinson approached the stopped traffic, he began to slow his vehicle using the clutch rather than his breaks. (*Id.*)  According to Plaintiffs, this "did not activate his brake lights to inform other drivers, including the [Chesters], that he was slowing his vehicle or intended to bring his vehicle to a stop." (*Id.*)  "Due to the decrease in speed without any warning or brake lights, Karen Chester was unable to reasonably determine that Defendant Darren Robinson was stopping his vehicle unexpectedly on the interstate highway." (*Id.*)  Plaintiffs claim that, "Despite operating the Subject Truck in a reasonable and prudent manner and observing the speed limit, Karen Chester lacked adequate time and/or space" to avoid Robinson's vehicle. (*Id.*)  Chester's vehicle collided with the rear of Robinson's tractor-trailer, which ultimately led to a fire and the Chesters' deaths. (*Id.* at 6-7.)

Plaintiffs specifically allege that, "[i]n operating a tractor-trailer upon a highway or road in Louisiana, Defendant Darren Robinson owed others, including the [Chesters], a duty of care to operate the tractor-trailer as a careful and prudent driver would under the circumstances." (*Id.* at 13.) Plaintiffs maintain that Robinson was negligent in failing to follow the "Rules of the Road;" in violating "the Louisiana Commercial Driver's License Manual and other industry materials in the operation of his tractor-trailer;" in "fail[ing] or refus[ing] to utilize his brake system to slow and stop his tractor-trailer;" and, most pertinent here, in "approach[ing] stopped traffic and slow[ing] his vehicle with his clutch, which did not activate his brake lights and did not give the decedents adequate notice of . . . Robinson's intention to stop." (*Id.* at 13-14.)

Navistar removed the case based on diversity jurisdiction. (Doc. 1 at 3.)  Navistar asserted that Robinson's jurisdiction should be ignored because he was improperly joined. (*Id.*)

2

The Magistrate Judge agreed.  In his report and recommendation ("R&R") (Doc. 42) on the Plaintiffs' Motion to Remand (Doc. 13), the Magistrate Judge correctly observed that the Fifth Circuit recognizes that improper joinder occurs in two ways, one of which is an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." (Doc. 42. (citing *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004)).  Here, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* at 573.   The R&R found:

> Plaintiffs failed to allege any act or omission by Robinson that breached a duty recognized under Louisiana law.  Plaintiffs cited no state statute, Louisiana Supreme Court decision or Louisiana appellate court decision which imposed a duty on a preceding driver, like Robinson, to use his brakes so as to signal slowing down to a following driver.  And the cases relied upon . . . by the plaintiffs provide no basis for this court to predict that the Louisiana Supreme Court would find that a preceding driver had such a duty in circumstances like those in this case.

(Doc. 42 at 8.)  Based on this, the R&R found "no reasonable basis to predict that the plaintiffs can obtain relief against Robinson under state law" (*Id.*) and concluded that Robinson's "citizenship is ignored, there is complete diversity of citizenship between the plaintiffs and the other defendants, and the court has subject matter jurisdiction." (*Id.* at 9.)

## II.    Standard of Review

The Western District recently addressed the appropriate standard of review when evaluating a Magistrate Judge's report and recommendation on a motion to remand and stated the following:

> [Fed. R. Civ. P.] 72(a) dictates that a district judge must review decisions on nondispositive motions by the magistrate judge and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. Pro.

3

72(a). A finding may be said to be "clearly erroneous" when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Stevens*, 487 F.3d 232, 240 (5th Cir.2007) (citation omitted). Rule 72(b)(3) states that in resolving objections to dispositive motions, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. Pro. 72(b)(3).

Although the law is, perhaps, unsettled in this circuit on this point, district courts in this circuit have generally adhered to the view that motions to remand are non-dispositive pretrial matters and have applied the clearly erroneous standard of review pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P. 72(a). *See, e.g., Lonkowski v. R.J. Reynolds Tobacco Co*., No. Civ. A. 96–1192, 1996 WL 888182, at *2–4 (W.D.La. Dec. 10, 1996); *Vaquillas Ranch Co., Ltd. v. Texaco Exploration and Production, Inc*., 844 F.Supp. 1156, 1162 (S.D.Tex.1994); *Bethay v. Ford Motor Co*., No. Civ. A. 99–0367, 1999 WL 496488, at *1 (E.D.La. July 13, 1999). The Fifth Circuit has also implicitly sanctioned the authority of a magistrate judge to consider and issue a remand order in a recent decision. Although the authority of the magistrate judge was not challenged, the Fifth Circuit affirmed an order remanding certain actions without objecting to the magistrate judge's actions. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 382–83 (5th Cir.2009). Accordingly, a motion to remand is a non-dispositive matter, and this Court will apply a deferential standard of review.

*Shamieh v. HCB Fin. Corp.*, No. 2:14-CV-2215, 2015 WL 432604, at *1-2 (W.D. La. Jan. 29, 2015), *appeal dismissed* (Apr. 9, 2015).  The Court agrees with this approach and will apply the same deferential standard of review.

## III.   Discussion

### A.  Standards for Removal and Improper Joinder

Navistar removed this action pursuant to 28 U.S.C. § 1441. (Doc. 1 at 3.)  This statute "is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Haspel, L.L.C. v. Haspel Worldwide, LLC*, No. 13-185, 2013 WL 5519382, at *3 (M.D. La. Oct. 2, 2013) (citing *Gasch v. Hartford Acc. & Indem. Co.,* 491 F.3d 278, 281–82 (5th Cir.2007)). "The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper." *Id.* (citing *Garcia v. Koch Oil Co. of Tex. Inc.,* 351 F .3d 636, 638 (5th Cir.2003) ("party seeking to invoke federal diversity jurisdiction

bears the burden of [proof]")). Remand is proper if at any time the court lacks subject matter

jurisdiction. *Id.* (citing 28 U.S.C. § 1447(c)).

> Moreover, as referenced above, the following standard governs improper joinder:

> The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir.2003). Improper joinder of a non-diverse party can be proven when the removing defendant establishes that there is "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis*, 326 F.3d at 646–47. In the latter situation, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an instate defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573–74 (5th Cir.2004).

> Generally, a court should "conduct a Rule 12(b)(6)-type analysis ... to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. However, where the plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder" the district court may "pierce the pleadings and conduct a summary inquiry." *Id*. The court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiffs. *Travis*, 326 F .3d at 649. If the court concludes that the plaintiffs have any "possibility of recovery" against the party whose joinder is questioned" then joinder is proper and the case must be remanded for lack of subject matter jurisdiction. *Id*.

*Lecoq v. Great W. Cas. Co.*, No. 12-485, 2013 WL 4897385, at *6 (M.D. La. Sept. 11, 2013).

*Id.* Thus, under the above standards, Navistar has the "heavy" burden of showing "no possibility

of recovery."  It has failed to do so.

### B.  Analysis

The Court finds that Robinson owed a duty to the decedents.  The Louisiana Supreme

Court has "long held that a motorist must use such diligence and care in the operation of his

vehicle as is commensurate with the circumstances" *Edwards v. Horstman*, 96-1403 (La.

2/25/97), 687 So. 2d 1007, 1011 (finding that a driver breached the duty to his own passenger by

negligently operating the vehicle and exposing him to the danger of a gunman in another

vehicle).  As one Louisiana court explained:

> All persons have a duty to act reasonably under the circumstances. La.C.C. arts.
> 2315, 2316, 2318. A duty, in negligence cases, may be defined as an obligation, to
> which the law gives recognition and effect, to conform to a particular standard of
> conduct toward another. The imposition of a duty depends on a case by case
> analysis. *Gresham v. Davenport*, [537 So.2d 1144, (La. 1989)].
>
> The driver of a motor vehicle on a road or highway owes a duty to other motorists
> to drive reasonably and carefully under the circumstances to protect them from
> injury. *Callais v. Allstate Ins. Co*., 334 So.2d 692 (La.1976); *Andersen v. Craig*,
> 401 So.2d 1022 (La.App. 4th Cir.1981).

*Smith v. English*, 586 So. 2d 583, 589 (La. App. 2 Cir.), *writ denied*, 590 So. 2d 80 (La. 1991)

(finding that trial court reasonably concluded that two individuals who pursued a third person

that had stolen a car "owed the duty to do so in a manner that would not create an unreasonable

risk of harm to the public."); *see also Willis v. Letulle,* 597 So. 2d 456, 476 (La. App. 1 Cir.

1992) ("The driver of a motor vehicle on a road or highway owes a duty to other motorists to

drive reasonably and carefully under the circumstances to protect them from injury") (quoting

*Smith*, 586 So.2d at 589)); La. Rev. Stat. § 32:58(A) ("Any person operating a motor vehicle on

the public roads of this state shall drive in a careful and prudent manner, so as not to endanger

the life, limb, or property of any person. Failure to drive in such a manner shall constitute

careless operation"); 12 William E. Crawford, *Louisiana Civil Law Treatise, Tort Law* § 14:7 (2d

Ed. 2014) ("The standard of care for operation of a motor vehicle is stated" in La. Rev. Stat.

§ 32:58).

Even more specifically, a driver of any vehicle has the duty to following motorists to alert

them that he is slowing or stopping.  *See Smith v. Smith*, 36 So. 2d 388, 389 (La. App. 2 Cir.

1948); *see also* La. Rev. Stat. §§ 32:104(C) ("No person shall stop or suddenly decrease the

speed of a vehicle without first giving an appropriate signal in the manner provided herein to the

driver of any vehicle immediately to the rear when there is opportunity to give such signal."), 32:105(A) ("Any stop or turn signal when required herein shall be given either by means of the hand and arm as provided in R.S. 32:106 or by signal lamps").

Based on these duties, the Court finds that it is possible for the Plaintiffs to recover from Robinson.  Robinson clearly had a duty to act reasonably to protect others from harm, and this duty extended to the Chesters, even if they were driving behind Robinson.  Moreover, it is certainly possible for a jury to conclude that Robinson, himself a tractor-trailer driver, breached this duty by failing to activate his break lights or, as the statute cited above commands, otherwise to alert drivers behind him he is slowing or stopping – particularly, other tractor-trailer drivers who need more time to break.  It is also possible for a jury to conclude that this was a legal cause of the Chesters' deaths.  Thus, there a reasonable basis for the Plaintiffs to recover against Robinson, and Robinson was not improperly joined.

Navistar argues that the Plaintiffs cannot overcome the presumption under La. Rev. Stat. § 32:81(A) that following drivers are presumed negligent in rear-end collisions.  Defendants base this argument on the Plaintiffs' allegation that "Karen Chester lacked adequate time and/or space in order to avoid the tractor-trailer operated by Defendant Darren Robinson." (Doc. 1-1 at 6.)

The Court rejects this argument for two reasons.  First, Plaintiffs can still overcome the presumption based on the facts in the petition.  As the Magistrate Judge noted, this presumption can be rebutted if the following motorist proves that "he had his vehicle under control, closely observed the lead vehicle, and followed it at a safe distance under the circumstances."  Navistar's quotation ignores the beginning of the same sentence:  "Despite operating the Subject Truck *in a reasonable and prudent manner and observing the speed limit*, Karen Chester lacked adequate time and/or space . . . to avoid" Robinson's vehicle. (*Id.*)  Thus, contrary to Defendants'

argument, Plaintiffs clearly allege that Karen Chester was not negligent under the circumstances. Consequently, it is clearly possible, based on the facts alleged, for the Plaintiffs to overcome the presumption of negligence.

Second, Navistar's argument misses the larger picture.  Louisiana is a comparative fault state. *See* La. Civ. Code art. 2323.  Even if the presumption is not overcome and Karen Chester is found negligent, the jury could also find that Robinson was additionally liable and apportion fault accordingly. *See, e.g., Lawrence v. Dunaway*, 554 So. 2d 1339, 1341-42 (La. App. 1 Cir. 1989) (noting presumption of negligence against following driver who admitted to not breaking abruptly and to seeing smoke from preceding driver's tires, yet still affirming assignment of 25% fault to the preceding driver who stopped to avoid dogs).  Thus, even if Navistar were right about the presumption of negligence, there is still a reasonable basis for concluding that Robinson could be found liable.

Finally, the Court notes that this case remains young.  Since this case will shortly return to state court, Plaintiffs will have ample time to obtain an expert in industry standards for tractor-trailer drivers who may opine that Robinson was negligent in, for instance, failing to tap his breaks to activate his signals before decelerating with the clutch engaged.

In sum, the Court has "the definite and firm conviction that a mistake has been committed" and so finds that the R&R is clearly erroneous and contrary to law.  Plaintiff's objection is sustained.  Robinson was not improperly joined.  There is no complete diversity and thus no jurisdiction under 28 U.S.C. § 1332.  As a result, there is no basis for subject matter jurisdiction, and the suit is remanded.

## IV.    Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiff's Objections to the Magistrate Judge's Findings of Fact and Conclusions of Law (Doc. 52) filed by Plaintiffs William Beverly Vatter, the surviving parents of Karen Chester, and Plaintiffs Tonya Carmen and Mark Chester, the surviving brother and sister of Ricky Chester is **SUSTAINED**;

**IT IS FURTHER ORDERED** that the Plaintiffs' Motion to Remand (Doc. 13) is **GRANTED**, and this suit is **REMANDED** to the 18th Judicial District Court, Parish of Iberville, State of Louisiana.

Signed in Baton Rouge, Louisiana, on December 3, 2015.


_____

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**